In the Matter of the Claim of PAULINE SCHNEIDER, Respondent, against JULEV REALTY CORP. and SAINT PAUL MERCURY INDEMNITY COMPANY, Appellants. STATE INDUSTRIAL BOARD, Respondent.— The employer and its insurance carrier have appealed from an award of the State Industrial Board to claimant of funeral expenses arising out of the death of her husband, and continuing the case to determine the amount of award for death benefits. The State Industrial Board found that on January 30, 1941, John J. Schneider sustained accidental injuries which resulted in his death on February 11, 1941, and at the time of sustaining such injuries he was engaged in the regular course of his employment, and that such injuries arose out of and in the course of the employment. The evidence sustains the findings. Award unanimously affirmed, with costs to be divided between the [State] Industrial Board and the attorney for the claimant. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of HELEN STRAND, Respondent, against HARRIS STRUCTURAL STEEL COMPANY, INC., and SPECIAL FUND FOR REOPENED CASES UNDER SECTION 25-A, Appellants. STATE INDUSTRIAL BOARD, Respondent.— Appeal by the Special Fund for Reopened Cases under Section 25-a of the Workmen's Compensation Law from an award for death benefits to a widow, whose husband came to his death on January 17, 1923, from burns suffered by contact with a fire which he had lighted for warmth. The history of this litigation is reflected in the following records of this court: Strand v. Harris Structural Steel Co., Inc. (209 App. Div. 310), wherein an award was reversed; S. C. (234 id. 341), wherein it was determined that the State Industrial Board had jurisdiction to reopen the case; S. C. (260 id. 516), where it was determined that the earlier decision of this court did not bar the State Industrial Board from considering the matter de novo. Award unanimously affirmed, with costs to the State Industrial Board. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.

In the Matter of the Claim of FANNY WYMAN (WAIMAN), Appellant, against JACOB KRAMER and SPECIAL FUND FOR REOPENED CASES UNDER SECTION 25-A, Respondents. STATE INDUSTRIAL BOARD, Respondent.— The claimant appeals from a decision of the State Industrial Board denying claim for deficiency compensation for death benefits on the ground that the accident did not arise out of and in the course of the employment. The accident happened on January 29, 1924. It was first denied on November 14, 1927. It was reopened again eleven years afterwards in 1938 and was denied under date of May 3, 1939. The evidence supports the decision of the State Industrial Board. Decision of the [State] Industrial Board unanimously affirmed, without costs. Present — Hill, P. J., Crapser, Bliss, Heffernan and Foster, JJ.